IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: Susan Gunderson | ) | Case No. |
| | ) | |
| Plaintiff | ) | COMPLAINT |
| | ) | |
| v. | ) | July Demand Requested |
| | ) | |
| Radius Global Solutions L.L.C. | ) | |
| 7831 Glenroy Road, Suite 250 | ) | |
| Minneapolis, MN 55439 | ) | |
| | ) | |
| Defendant | ) | |

Now comes Plaintiff, by and through her attorneys, and, for her Complaint alleges as follows:

## INTRODUCTION

1. Plaintiff, Susan Gunderson, brings this action to secure redress from unlawful collection practices engaged in by Defendant, Radius Global Solutions, L.L.C. (hereinafter "Radius"). Plaintiff allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits any false, misleading or deceptive threats in connection with the collection of a debt 15 U.S.C. Section 1692e.

3. A debt collection may not imply outcomes that are not legally able to come to pass. *Lox v. CDA, Ltd.*, 689 F.3d 818, 825 (7th Cir. 2012)

4. The Seventh Circuit has stated that "[w]hen language in a debt collection letter can reasonably be interpreted to imply that the debt collector will take action it has no intention or ability to undertake, the debt collector that fails to clarify that ambiguity does so at its peril." *Lox v. CDA, Ltd.*, 689 F.3d 818, 825 (7th Cir. 2012) (citing *Gonzales v. Arrow Financial Services, LLC*, 660 F.3d 1055, 1063 (9th Cir. 2011)).

5. In *Wilder vs. J.C. Christensen & Associates, Inc.* (Case No. 16-cv-1979) (N.D.IL 2016), the Court stated "literally true conditional language in a dunning letter can be deceptive if the action suggested is legally prohibited." *Id.*

6. The Sixth Circuit Court of Appeals stated "[I]f Plaintiff can show that interest or charges could never accrue and therefore the balance owed is truly fixed, then his claim should be allowed to go forward to determine if, under those circumstances, Defendants' letter was threatening or materially misleading." *Walker v. Shermeta, Adams, Von Allment*, PC 623 F. App'x 764, 768 (6th Cir. 2015).

7. Recently, the Seventh Circuit Court of Appeals stated that the "safe harbor" language given in *Miller v. McCalla, Raymer Padrick, Cobb, Nichols, & Clark, LLC*, 214 F.3d 872 (7th Cir. 2000) is not a defense to situations that can not legally come to pass. Recently, the Seventh Circuit Court of Appeals weighed into the statement in paragraph 24 that it is not a protection to use this language when an outcome is being suggested that is impossible to come to pass. *Boucher v. Fin. Sys. Of Green Bay, Inc.*, No. 17-2308, (7th Cir., 2018).

8. In the same Opinion, the Seventh Circuit Court of Appeals stated that Debt Collectors must tailor boiler plate language to avoid ambiguity. *Id.* at 371.

9. Moreover, the Court in *Boucher* stated that a Debt Collector is not entitled to safe harbor language if it provides inaccurate language. *Spuhler vs. State Collection Services, Inc.*, 18-cv-01149, (E.D. Wis. 2018)

## JURISDICTION AND VENUE

10. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).

11. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

12. Plaintiff, Susan Gunderson (hereinafter "Plaintiff") incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").
13. Plaintiff is a resident of the State of Illinois
14. Defendant, Radius ("Defendant") is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).
15. Unless otherwise stated herein, the term "Defendant" shall refer to Aspen.
16. At some point, the original creditor, sold this debt to Defendant for debt collection.
17. The primary operation of Defendant is the collection of debt.

## ALLEGATIONS

18. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $959.46 (the "Debt") to an original creditor (the "Creditor")
19. The Debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed by the Creditor to collect to Debt.
20. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. Section 1692a(2).
21. On or about September 4, 2019, Plaintiff received an initial communication from Defendant. See Exhibit A.
22. Said letter states that the "Balance Due" is $959.46 and a Minimum Payment Due: of $226. See Exhibit A.
23. Then, the letter stated "[A]s of the date of this letter, the balance due on the account is $959.46. Because of accruing interest, the amount due on this account may be greater after the date of this letter." See Exhibit A.
24. In reality, the account that Defendant is collecting on is rising due to interest **and** late fees.
25. However, there is nothing about late fees increasing. See Exhibit A.

26. The above facts are violation of 15 U.S.C. Section 1692g(a)(1) due to failing to tell Plaintiff why the payment is rising.
27. The above facts are a violation of 15 U.S.C. Section 1692e due to misleading the Plaintiff about the status of the debt.
28. Moreover, on or about October 2, 2019, Plaintiff received another initial collection letter for a different debt. See Exhibit B.
29. The debt was for an American Express Bluecash Everyday Account. See Exhibit B.
30. Furthermore, in said communication, it states "[B]ecause your account continues to accrue interest and may accrue late and other charges on all owed balances pursuant to your agreement with your creditor, the Total Balance on the date you pay may be greater." See Exhibit
31. In fact, the statement in paragraph 24, by Defendant, is an impossible outcome as there is nothing in the contract between Plaintiff and the original creditor that would authorize "other charges."
32. The particular account with this Creditor is an "American Express Bluecash Everyday" which has absolutuley no other fees except interest and Late Fees.
33. There are no "other charges" that can cause Plaintiff's debt to "vary from day to day."
34. Furthermore, there are no "late charges" either as Plaintiff is now even receiving statements from creditor as of the date of this letter.
35. Moreover, Defendant does not state what those "other charges" are.
36. Defendant is giving legal outcomes that can not come to pass.
37. Defendant is being misleading by not stating what types of "other fees" will be charged.
38. The Defendant's conduct violated 15 U.S.C. Section 1692e by suggesting an outcome that is a legal impossibility.

**STANDING AND INJURY**

39. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.
40. Specifically, Plaintiff suffered a concrete informational injury as a result of Defendant's failure to provide truthful information in connection with its attempt to collect an alleged debt from Plaintiff.
41. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, and frustration.

## VIOLATIONS OF THE FDCPA-15 U.S.C. SECTION 1692, et seq.

42. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

### JURY DEMAND

43. Plaintiff demands a trial by jury.

### PRAYER FOR RELIEF

44. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

    (1) Statutory damages;

    (2) Attorney fees, litigation expenses and costs of suit; and

    (3) Such other and further relief as the Court deems proper.

Respectfully submitted,
/s/ John Carlin
John P. Carlin #6277222
Suburban Legal Group, PC
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@suburbanlegalgroup.com
Attorney for Plaintiff